UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YEVGENIY SHEVTSOV,

                Petitioner,

    v.

JEFFERSON SESSIONS, et al.,

                Respondents.

CASE NO. C18-1194-TSZ-BAT

**REPORT AND RECOMMENDATION**

## INTRODUCTION

Yevgeniy Shevtsov, who is proceeding through counsel, seeks release from immigration detention in this 28 U.S.C. § 2241 habeas action.[1] He maintains he is entitled to release because his detention by U.S. Immigration and Customs Enforcement ("ICE") has become indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *See* Dkt. 1 at 3. The Government has moved to dismiss, arguing Mr. Shevstov is lawfully detained and has failed to show his detention is indefinite. Dkt. 5. Mr. Shevstov did not respond. As discussed below, the Court recommends that the Government's motion to dismiss be **GRANTED**, Mr. Shevtsov's habeas petition be **DENIED**, and this action be **DISMISSED** with prejudice.

---

[1] Mr. Shevstov does not challenge U.S. Immigration and Custom Enforcement's decision to deny supervised release following two file custody reviews. *See* Dkt. 1; Dkt. 6-1 at 42, 45.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Mr. Shevtsov is a native and citizen of Russia who came to the United States as a refugee and then became a lawful permanent resident in 1994. *See* Dkt. 6-1 at 38. In 2015 and 2016, Mr. Shevtsov entered guilty pleas in four different criminal cases charging him with theft and drug-related crimes. *See id.* at 1-34. On October 23, 2017, ICE took Mr. Shevtsov into custody and served him with a Notice to Appear that charged him with removability based on his criminal history. Dkt. 8 at ¶ 10; Dkt. 6-1 at 36-38. On January 25, 2018, an immigration judge ("IJ") ordered Mr. Shevtsov removed to Russia. *Id.* at 40. Mr. Shevtsov waived his right to appeal the IJ's decision. *Id.*

On April 6, 2018, ICE submitted a travel document request to the Consulate General of Russia in Washington D.C. Dkt. 8 at ¶ 13.

On August 15, 2018, Mr. Shevtsov initiated the instant habeas action, asserting that his continued detention is unconstitutional. Dkt. 1 at 3. He claims that he believes ICE has done nothing to obtain a travel document for him and that Russia will not allow his return. *Id.* at 3.

On September 12, 2018, ICE was advised that the Russian government had confirmed Mr. Shevtsov's Russian citizenship. Dkt. 8 at ¶ 23. The Russian Interior Ministry also advised ICE that a travel document for Mr. Shevtsov will be issued once a travel itinerary for him is confirmed. *Id.* at ¶ 24.

On September 17, 2018, the Government moved to dismiss, arguing that Mr. Shevtsov's detention is constitutional. Dkt. 5. As noted above, Mr. Shevtsov did not file a response.

\\

\\

**DISCUSSION**

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens who have been ordered removed.  Under § 1231(a), the Department of Homeland Security ("DHS")[2] is required to detain a noncitizen during the "removal period."  *See* 8 U.S.C. §§ 1231(a)(2), (a)(1)(B).  The removal period is the 90-day period that begins on the latest of (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the noncitizen, the date of the court's final order; or (iii) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement.  8 U.S.C. § 1231(a)(1)(B).  After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision.  8 U.S.C. § 1231(a)(6).  Specifically, DHS may detain a noncitizen who has been determined "to be a risk to the community or unlikely to comply with the order of removal," or who is inadmissible.  *Id.*  ICE has determined that Mr. Shevtsov presents both a flight risk and a danger to the community.  Dkt. 6-1 at 42, 45.

Although § 1231(a)(6) authorizes ICE to detain Mr. Shevtsov, it cannot do so indefinitely.  In *Zadvydas v. Davis*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States, and does not permit "indefinite" detention.  533 U.S. 678, 701 (2001).  The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a

---

[2] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the Board of Immigration Appeals.  *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 3

noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id.* "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.*

The six-month presumption "does not mean that every [noncitizen] not removed must be released after six months. To the contrary, [a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Nevertheless, courts must remember "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Mr. Shevtsov's post-removal order detention, which began on January 25, 2018, has exceeded six months. He has not, however, provided a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Instead, he has merely asserted his "belief that ICE has made no specific efforts to obtain travel documents from Russia on my behalf" and "that Russia will not issue travel documents." Dkt. 1 at 3. The record belies these assertions. On April 6, 2018, ICE submitted a travel document request to the Consulate General of Russia. Dkt. 8 at ¶ 13. On September 12, 2018, ICE was informed that the Russian government had confirmed Mr. Shevtsov's Russian citizenship and that a travel document will be issued once an itinerary for him is confirmed. *Id.* at ¶ 23. Given this evidence, the Court concludes that there is a significant likelihood Mr. Shevtsov will be removed in the reasonably foreseeable future. Accordingly, his habeas petition should be denied.

REPORT AND RECOMMENDATION - 4

**CONCLUSION AND RIGHT TO OBJECT**

The Court recommends that the Government's motion to dismiss, Dkt. 5, be **GRANTED**, Mr. Shevtsov's habeas petition be **DENIED**, and this action be **DISMISSED** with prejudice. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **November 8, 2018.** The Clerk should note the matter for **November 9, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 25th day of October, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge